UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN B. GARLIN,<br><br>    Plaintiff,<br><br>  v.<br><br>VETERANS ASSOCIATION OF PALO ALTO,<br><br>    Defendant. | Case No. 2:23-cv-01321-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and his Civil Rights Complaint. ECF Nos. 1, 1-1. While Plaintiff's IFP is complete, he fails to establish jurisdiction over the defendants named in his Complaint and for that reason the Court orders the Complaint be dismissed without prejudice and with leave to amend.

**I.     ANALYSIS**

    A.     Screening Standard

Upon granting a request to proceed *in forma pauperis,* a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

B.   Plaintiff's Complaint

In his Complaint, Plaintiff pleads facts suggesting he is a citizen of Nevada and that the Defendants are citizens of California. ECF No. 1-1 at 2. Plaintiff seeks $100,000 in damages. While on its face this establishes diversity of citizenship of the parties under 28 U.S.C. § 1332, Plaintiff fails to demonstrate personal jurisdiction over any party to this suit. Plaintiff fails to assert a basis for personal jurisdiction over the defendants. Personal jurisdiction is established when: "(1) provided for by law; and (2) the exercise of jurisdiction comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id*. *citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state, such as Nevada, has a "long-arm" statute providing state "courts jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, a court need only address federal due process standards." *Id*. *citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev. Rev. Stat. § 14.065); *Boschetto*, 539 F.3d at 1015.

Under these standards, a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction may be established in one of two ways—"general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de*

*Colombia, S.A. v. Hall*, 466 U.S. 408, 413–414 (1984). General jurisdiction is properly exercised only when "a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Menken v. Emm*, 503 F.3d 1050, 1056–57 (9th Cir. 2007). Here, Plaintiff pleads no facts demonstrating Defendants had any contacts with Nevada at all. Rather, Plaintiff pleads facts pertaining to events that occurred in California. ECF No. 1-2 at 7. Thus, the Court finds Plaintiff fails to establish general jurisdiction over the Defendants.

A review of specific jurisdiction also does not save Plaintiff's Complaint. Specific jurisdiction is "jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims." *Menken*, 503 F.3d at 1057. "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[M]ere injury to a forum resident is not a sufficient connection to the forum." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Again, Plaintiff alleges no facts establishing specific jurisdiction over Defendants. There is not a single event alleged that would put either Defendant on notice that she or it would be haled into court in the U.S. District Court for the District of Nevada.

**II.  Order**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff be provided through and including **September 29, 2023** to file a first amended complaint in which Plaintiff must plead sufficient facts to establish personal jurisdiction over the Defendants. This requires demonstration of sufficient contact by Defendants in the State of Nevada and a relationship between those contact and Plaintiff's claim.

1          IT IS FURTHER ORDERED that failure to timely file a first amended complaint will result
2  in a recommendation to dismiss this matter with prejudice in its entirety.
3          Dated this 25th day of August, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE